### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Roland Black, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:18-cv-6518 |
| v. | ) | |
| | ) | Judge Charles P. Kocoras |
| Officer Priscilla Hernandez, Officer Zermeno | ) | |
| (first name unknown), and the City of Chicago, | ) | Magistrate Judge Maria Valdez |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS HERNANDEZ AND ZERMENO'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND TO THE COMPLAINT

Defendants, Hernandez and Zermeno by one of their attorneys, Christine K. Wee,

Assistant Corporation Counsel, submit the following answer, affirmative defenses and jury

demand to Plaintiff's complaint.

## INTRODUCTION

1.      After Defendant Chicago Police Officer Priscilla Hernandez bungled a simple traffic stop on January 24, 2014—leading to a car chase, a crash, and the escape of an unknown suspect on foot—she decided to cover for herself by framing an innocent man. That man was Roland Black, the plaintiff in this action. Roland spent multiple months in prison awaiting trial because of Officer Hernandez's false accusations against him. He suffered physically and mentally due to his needless incarceration.

**ANSWER**: Deny.

2.      Officer Hernandez destroyed (or caused to be destroyed) the evidence that would have shown conclusively that Roland was innocent: the driver's license of the person she actually pulled over, and the dash-cam footage showing a different person—not Roland—get out of the upturned car and run away.

**ANSWER**: Deny.

3.      Officer Hernandez intentionally and maliciously caused Roland to be arrested and ultimately prosecuted for crimes related to the January 24, 2014 traffic stop and car chase.

1

Officer Hernandez knew that Roland was innocent of these crimes, and had absolutely no probable cause to cause his arrest and prosecution.

**ANSWER**: Deny.

4. Roland was held in jail from his arrest until his trial on August 10, 2017. On that date he was acquitted and was released from custody shortly thereafter.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth

or falsity of whether Plaintiff "was held in jail from his arrest until his trial on August 10, 2017."

Defendants admit that Plaintiff was acquitted on August 10, 2017, but lack knowledge or

information sufficient to form a belief as to the truth or falsity of when Plaintiff was released

from custody. Defendants deny any wrongdoing alleged in this paragraph.

5. Therefore, Officer Hernandez violated Roland's rights under the Fourth and Fourteenth Amendments of the United States Constitution and should be liable to him for compensatory and punitive damages as well as attorney's fees and costs.

**ANSWER**: Deny.

## JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. § 1983 to redress the Defendants' deprivation of Plaintiff's rights secured by the U.S. Constitution.

**ANSWER**: Defendants admit that this action is brought pursuant to 42 U.S.C. § 1983, but deny

the remaining allegations set forth in this paragraph.

7. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331.

**ANSWER**: Admit.

8. Venue is proper under 28 U.S.C. § 1391(b). Plaintiff resides in this judicial district; and the events giving rise to Plaintiff's claims asserted herein all occurred within this judicial district.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth

or falsity of whether "Plaintiff resides in this judicial district." Defendants admit the remaining

allegations set forth in this paragraph, but deny any wrongdoing alleged herein.

2

## PARTIES

9.     Ronald Black is a 37-year-old man. He is currently a resident of the state of Illinois.

**ANSWER**: Upon information and belief, Defendants admit that Plaintiff was 37 years old at the

time the Complaint was filed. Defendants lack knowledge or information sufficient to form a

belief as to the truth or falsity of whether Plaintiff "is currently a resident of the state of Illinois."

10.     Defendants Priscilla Hernandez and Zermeno (first name unknown) are officers with the Chicago Police department employed by the City of Chicago. At all times relevant to the events described in this Complaint, Hernandez and Zermeno were acting under color of law and within the scope of their employment with the Chicago Police Department.

**ANSWER**: Admit.

11.     Defendant City of Chicago is an Illinois municipal corporation that is or was the employer of Defendant(s) Unidentified Chicago Police Department Employee(s). The City of Chicago is liable for the policies and practices of the Chicago Police Department.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth

or falsity of whether the "Defendant City of Chicago is an Illinois municipal corporation that is

or was the employer of Defendant(s) Unidentified Chicago Police Department Employee(s)."

The Defendants make no answer to the remaining allegations set forth in this paragraph because

the remaining allegations are directed to the Defendant City of Chicago. To the extent any of the

allegations contained in this paragraph can be said to be directed to the Defendants, the

allegations are denied.

## FACTS

12.     On January 24, 2014, at approximately 6200 South King Drive, Officer Priscilla Hernandez pulled a red Buick Regal over for making an illegal left turn.

**ANSWER**: Admit.

13.     According to her sworn testimony in a prior proceeding, Officer Hernandez asked the individual driving the car for his driver's license, physically took possession of the license, wrote a ticket based off of that license, and put them both in an envelope.

**ANSWER**: Admit.

14.     Hernandez testified that she sent the ticket and license to a traffic court.

**ANSWER**: Admit.

15.     Hernandez did not inventory the license or ticket.

**ANSWER**: Admit.

16.     According to Hernandez's testimony, after she took the license, the driver fled the scene. Hernandez and her partner Officer Zermeno followed the red Buick Regal in their patrol car.

**ANSWER**: Admit.

17.     The red Buick Regal crashed into several other parked cars. The Regal came to rest on its side and was disabled.

**ANSWER**: Defendant Hernandez admits. Defendant Zermeno lacks knowledge or information

sufficient to form a belief as to the truth or falsity of whether the vehicle came to rest on its side,

but admits to the remaining allegations set for this in this paragraph.

18.     Hernandez and Zermeno pulled up behind and to the side of the Buick Regal. The disabled Buick Regal was in view of the dash-cam on Hernandez's patrol car.

**ANSWER**: Defendant Hernandez denies that they pulled up behind the vehicle, but Hernandez

admits that they pulled to the side of the vehicle. Defendant Hernandez lacks knowledge or

information sufficient to form a belief as to the remaining allegations set forth in this paragraph.

Defendant Zermeno admits that they pulled up behind and to the side of the vehicle, but

Zermeno lacks knowledge or information sufficient to form a belief as to the truth or falsity of

the remaining allegations set forth in this paragraph.

4

19.     The dash-cam on Hernandez and Zermeno's patrol car was activated and recording at the time.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in his paragraph.

20.     At that point, the unknown driver exited the Buick Regal and fled on foot in full view of the dash-cam.

**ANSWER**: Defendants deny the allegation set forth in this paragraph that the driver was unknown. Defendants admit that the driver exited the vehicle and fled on foot. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of whether the driver was in full view of the dash-cam.

21.     Officers Hernandez and Zermeno were unable to apprehend the unknown suspect. He escaped on foot.

**ANSWER**: Defendants deny the allegation that the suspect was unknown. Defendants admit the remaining allegations set forth in this paragraph but deny any wrongdoing alleged therein.

22.     In the case report regarding this incident that Hernandez authored, there is no driver's license number nor any mention of Hernandez asking for a driver's license in the narrative.

**ANSWER**: Admit.

23.     According to the transcript of the police radio traffic at the time of this incident, Roland Black's name is not mentioned until after Officer Hernandez has returned to the station—at which point she ran the plates of the red Buick Regal and discovered that the vehicle was linked to Plaintiff Roland Black.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity as to whether "the transcript of the police radio traffic at the time of this incident, Roland Black's name is not mentioned until Officer Hernandez has returned to the station." Defendants deny the remaining allegations set forth in this paragraph.

24.     The traffic court—to which Officer Hernandez testified she sent the driver's license and ticket—has no record of any such license or ticket.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in this paragraph.

25.     In fact, on information and belief, Hernandez and Zermeno caused the ticket and license to be intentionally destroyed or misplaced to cover up the fact that Roland Black was not the suspect who had been driving the Buick Regal.

**ANSWER**: Deny.

26.     At some point after January 24, 2014, but before any video footage could be turned over to Roland's criminal defense attorney, the dash-cam footage from Hernandez and Zermeno's patrol car was purged and destroyed.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in this paragraph.

27.     On information and belief, Hernandez and Zermeno caused the dash cam footage to be destroyed to cover up the fact that Roland Black was not the unknown suspect who fled the disabled Buick Regal on January 24, 2014.

**ANSWER**: Deny.

28.     Officers Hernandez and Zermeno knew that either of those items of evidence— the license or the dash-cam footage—would show that Roland Black was totally uninvolved in the traffic stop, chase and crash.

**ANSWER**: Deny.

29.     Despite her knowledge of Roland Black's innocence, Hernandez falsely reported that Roland was the driver of the Buick Regal.

**ANSWER**: Deny.

30.     On information and belief, the reason that Hernandez intentionally caused the evidence to be destroyed, and intentionally caused the arrest of Roland Black whom she knew to be innocent, was to cover up the fact that she botched a traffic stop and allowed a suspect to escape.

**ANSWER**: Deny.

6

31.     Officer Zermeno, who like Hernandez was fully aware that Roland Black was not the unknown suspect who had been driving the Buick Regal, intentionally acquiesced to Hernandez's false statements and failed to intervene to prevent the wrongful arrest, detention and prosecution of a man he knew was innocent.

**ANSWER**: Deny.

### *The Arrest, Detention, and Prosecution of Roland Black*

32.     Based solely on Officer Hernandez's knowingly false report, and Officer Zermeno's intentional acquiescence to the false statements in that report, a warrant was issued for Roland Black.

**ANSWER**: Deny.

33.     Roland Black was arrested by members of the Chicago Police Department based on that warrant.

**ANSWER**: Defendants admit that Plaintiff was arrested by members of the Chicago Police

Department, but deny the remaining allegations set forth in this paragraph.

34.     Roland Black was charged with multiple crimes in case number 14-CR-03581-01 (State of Illinois, Cook County). All the charges were based entirely on Hernandez's knowingly false statements.

**ANSWER**: Defendants admit that Plaintiff was charged with multiple crimes in case number 14-

CR-03581-01, but deny any wrongdoing. Defendants deny the remaining allegations set forth in

this paragraph.

35.     Roland was on supervised release (i.e. parole) at the time for an unrelated conviction. Because he was arrested and charged in case 14-CR-035810-01, his parole was revoked and he was imprisoned until he could be tried for the crimes that Hernandez falsely accused him of.

**ANSWER**: Defendants admit that Plaintiff was on supervised release at the time for an unrelated

conviction. Defendants lack knowledge or information sufficient to form a belief as to the truth

or falsity as to the following allegation: Because Plaintiff "was arrested and charged in case 14-

CR-035810-01, his parole was revoked and he was imprisoned until he could be tried" for case

14-CR-03581-01. Defendants deny the remaining allegations sets forth in this paragraph.

36.     The only reason for Roland's parole to be revoked was the knowingly false statements of Officer Hernandez and Officer Zermeno's knowing acquiescence to those false statements, and the unlawful destruction of evidence that would have proven his innocence.

**ANSWER**: Deny.

37.     Were it not for Officer Hernandez and Officer Zermeno's intentional dishonesty—despite their knowledge that absolutely no probable cause existed to charge Black with any crime related to the botched traffic stop—Roland would have remained a free man.

**ANSWER**: Deny.

38.     On August 10, 2017, a bench trial was held. Officer Hernandez was the only witness.

**ANSWER**: Admit.

39.     On that same day, after hearing Officer Hernandez's testimony, the judge acquitted Roland of all charges. He was a free man.

**ANSWER**: Defendants admit that Plaintiff was acquitted of all the charges, but deny the

sequence of events put forth in this paragraph. Defendants lack knowledge or information

sufficient to form a belief as to the truth or falsity whether Plaintiff was a "free man."

40.     Once Roland was acquitted, his purported parole violation was invalidated and he was released from custody.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in this paragraph.

## COUNT I – 42 U.S.C. § 1983
### Wrongful Detention

41.     Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

**ANSWER**: Defendants re-state and incorporate their respective answers to paragraphs 1-40

above as and for their answer to this paragraph as if fully set forth herein.

42.     In the manner described above, Defendants, acting as an investigator individually, as well as under color of law and within the scope of their employment, accused Plaintiff of criminal activity and exerted influence to initiate, continue, and perpetuate judicial proceedings

against Plaintiff, including the prolonged pre-trial detention of the Plaintiff, without any probable cause for doing so and in spite of the fact that they knew Plaintiff was innocent, in violation of his rights secured by the Fourth and Fourteenth Amendments of the United States Constitution.

**ANSWER**: Deny.

43.     In doing so, Defendants caused Plaintiff to be subjected improperly to judicial proceedings for which there was no probable cause, and to be detained without probable cause, resulting in injury.

**ANSWER**: Deny.

44.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others, and in total disregard of the truth and Plaintiff's clear innocence.

**ANSWER**: Deny.

45.     As a result of Defendant's misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

**ANSWER**: Deny.

46.     Plaintiff's injuries were caused by employees of the City of Chicago, who acted pursuant to the policies and practices of the Chicago Police Department described in more detail below.

**ANSWER**: Deny.

## COUNT II – 42 U.S.C. § 1983

### Violation of Plaintiff's Due Process Rights

47.     Defendants withheld, suppressed and fabricated evidence, thereby misleading and misdirecting the criminal prosecution of Plaintiff.

**ANSWER**: Deny.

48.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others, and in total disregard of the truth and Plaintiff's clear innocence.

**ANSWER**: Deny.

9

49.     Defendant Hernandez destroyed and fabricated evidence relating to the identity of the driver of the red Buick Regal she pulled over on January 24, 2014. This evidence fabricated by Hernandez includes, but is in no way limited to, the proclaimed obtainment of his driver's license. On information and belief, Defendant Hernandez also caused the destruction of dash camera footage that would have proved Mr. Black' innocence.

**ANSWER**: Deny.

50.     The actions of Defendants deprived Plaintiff of his constitutional rights, including, but not limited to, his right to due process and his right to be free from seizures of his person, including imprisonment, without probable cause.

**ANSWER**: Deny.

51.     The Defendant Officers' misconduct resulted directly in the prolonged and unjust criminal prosecution of Plaintiff and the wrongful revocation of his supervised release from incarceration, thereby denying his constitutional right to be free of unlawful detention without probable cause.

**ANSWER**: Deny.

52.     As a result of the Defendants' misconduct, Plaintiff suffered emotional distress. These Defendants had ample, reasonable opportunities as well as the duty to prevent this harm, but failed to do so.

**ANSWER**: Deny.

53.     The misconduct described in this Count was objectively unreasonable, and was undertaken and committed intentionally.

**ANSWER**: Deny.

54.     As a result of Defendants' misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

**ANSWER**: Deny.

55.     Plaintiff's injuries were caused by employees of the City of Chicago, who acted pursuant to the policies and practices of the Chicago Police Department described in more detail below.

**ANSWER**: Deny.

## COUNT III– 42 U.S.C. § 1983
### Policies and Practices of the City of Chicago

Defendants Hernandez and Zermeno make no answer to Count III of Plaintiff's complaint because Count III which is directed against only Defendant City of Chicago. To the extent any of the allegations contained in Count III of Plaintiff's complaint can be said to be directed against Defendants Hernandez and Zermeno, said allegations are denied.

## AFFIRMATIVE DEFENSES

1.      Defendants are government officials, namely Chicago Police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's complaint, a reasonable officer, objectively viewing the facts and circumstances then confronting Defendants, could have believed their actions regarding their encounter with Plaintiff to be lawful, in light of clearly established law and the information that they possessed. Defendants therefore are entitled to qualified immunity on Plaintiff's claims under federal law.

2.      Plaintiff has a duty to mitigate his damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened but were not, due to Plaintiff's failure to take reasonable action to minimize those damages.

3.      Defendants cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless they individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

4.      Any award of damages against Defendants shall be reduced in proportion to the comparative fault of Plaintiff's own acts or omissions, including, but not limited to Plaintiff's own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages.  In addition, at the time of the actions alleged in Plaintiff's complaint, 735 ILCS 5/2-116 (1992) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recover entirely when a plaintiff is more than fifty (50%) of the proximate cause of the injury or damage for which recovery is sought.

5.      A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct, pursuant to 745 ILCS 10/2-202 (Local Governmental and Governmental Employees Tort Immunity Act). Defendants Hernandez and Zermeno are employees of the City of Chicago, local public entity, and were executing and enforcing the law at all relevant times. Therefore, Defendants Hernandez and Zermeno are immune from liability, and Plaintiff's causes of actions against Hernandez and Zermeno must fail.

6.      A local public entity is not liable for the acts or omissions of its employees in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct, pursuant to 745 ILCS 10/2-202 (Local Governmental and Governmental Employees Tort Immunity Act). Defendants Hernandez and Zermeno are employees of the City of Chicago, a local public entity, and were executing and enforcing the law at all relevant times. Therefore, Hernandez and Zermeno are immune from liability and Plaintiff's causes of actions against Defendants must fail.

7.      A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. 745 ILCS 10/2-109. Because Defendants Hernandez

and Zermeno were employed by the City at the time of the incident and the officers are immune from liability as stated above, Defendant City is also immune.

## JURY DEMAND

Defendants request a trial by jury for all issues so triable.

Respectfully submitted,

*/s/ Christine K. Wee*
Christine K. Wee
Assistant Corporation Counsel
Attorney No. 6305240

Christine K. Wee, Assistant Corporation Counsel
Andrea Campbell, Assistant Corporation Counsel
Scott Cohen, Assistant Corporation Counsel Supervisor
City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 742-6404
(312) 744-6566 (FAX)
*Attorneys for the Defendants Hernandez and Zermeno*

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Roland Black, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:18-cv-6518 |
| v. ) | |
| ) | Judge Charles P. Kocoras |
| Officer Priscilla Hernandez, Officer Zermeno ) | |
| (first name unknown), and the City of Chicago, ) | Magistrate Judge Maria Valdez |
| ) | |
| Defendants. ) | |

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

Thomas H. Geoghegan
Michael P. Persoon
Michael A. Schorsch
Despres, Schwartz & Geoghegan, Ltd.
77 West Washington Street, Suite 711
Chicago, Illinois 60602
(312) 372-2511
mpersoon@dsgchicago.com
mschorsch@dsgchicago.com
admin@dsgchicago.com

**PLEASE TAKE NOTICE** that on this 20th day of December 2018, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT HERNANDEZ AND ZERMENO'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 20th day of December 2018.

/s/ *Christine K. Wee*
Christine K. Wee
Assistant Corporation Counsel

14